UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                  :         CASE NO.: 17-16421-LMI
                                        :
REYNA APONTE,                           :         CHAPTER 7
                                        :
      Debtor.                           :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 23, 2017 (the "*Petition Date*").

2. Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3. On Schedule A/B, Item #6, the Debtor listed Household Goods and Furnishings with an aggregate value of approximately $1,240.00 (the "*Household Goods*"), and the Trustee believes these assets are under-valued by approximately $10,000.00.

4. The Household Goods shall be referred to as the "*Property*."

5. The Debtor has claimed a portion of the Property as exempt.

6. Based on the testimony during the §341 Meeting of Creditors, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

7. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to

settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

8. The Debtor will pay the Trustee a total sum of $7,500.00 to be paid in ten (10) equal monthly payments of $750.00 to be made on the 10th day of each month starting on August 10, 2017 and ending on May 10, 2018.

9. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 S.W. 1st Avenue, Miami, Fl. 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

10. Under the terms of the Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadlines expire.

11. Under the terms of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Settlement shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

13. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

14. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

15. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

16. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

17. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

18. If the Debtor fails to timely make any of the payments described in paragraph 8, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

19. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth in the Settlement.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated in the Settlement, and the provisions of 11 U.S.C. §727(a)(10), the Debtor has agreed to waive any procedural requirements prior to

the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

20. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

21. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

22. Based on the specific facts and circumstances of this case, the Trustee has determined that $7,500.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

23. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this

Case No.: 17-16421-LMI

motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this ____ day of July, 2017.

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

5

Case No.: 17-16421-LMI

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 14th day of July, 2017, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 14th day of July, 2017, to:

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com
- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Robert Sanchez    court@bankruptcyclinic.com, courtECFmail@gmail.com

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                     :           CASE NO.: 17-16421-LMI
                                           :
REYNA APONTE,                              :           CHAPTER 7
                                           :
    Debtor.                                :
_____/

**STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION
AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS**

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), and Reyna Aponte (the "*Debtor*"), on this 10th day of July, 2017.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 23, 2017 (the "*Petition Date*");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule A/B, Item #6, the Debtor listed Household Goods and Furnishings with an aggregate value of approximately $1,240.00 (the "*Household Goods*"), and the Trustee believes these assets are under-valued by approximately $10,000.00;

WHEREAS, the Household Goods shall be referred to as the "*Property*;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, based on the testimony during the §341 Meeting of Creditors, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and



*BoA*

Case No.: 17-16421-LMI

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee a total sum of $7,500.00 to be paid in ten (10) equal monthly payments of $750.00 to be made on the 10th day of each month starting on August 10, 2017 and ending on May 10, 2018.

2. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 S.W. 1st Avenue, Miami, Fl. 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadlines expire.

4. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

2

5.  If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

6.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

7.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

8.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

12. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate,

Case No.: 17-16421-LMI

attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. The Trustee has accepted this settlement subject to this Court's approval.

15. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

16. Time is of the essence as to all deadlines within this stipulation.

17. This agreement represents the full and complete understanding of the parties.

18. The Trustee believes that this agreement is in the best interest of the estate.

*[Remainder of Page Intentionally Left Blank]*

4

Case No.: 17-16421-LMI

19. This agreement may be signed in counterparts.

20. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  07-10-17
REYNA APONTE                                    DATE
DEBTOR

_____  7/12/17
ROBERT A. ANGUEIRA                         DATE
TRUSTEE

_____  7/10/17
ROBERT SANCHEZ                              DATE
DEBTOR'S ATTORNEY

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                            :         CASE NO.: 17-16421-LMI
                                                  :
REYNA APONTE,                                     :         CHAPTER 7
                                                  :
Debtor.                                           :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
### STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #___] (the "*Motion*"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the file, the Motion, the Stipulation attached



EXHIBIT 2

as Exhibit "1" to the Motion, and record herein, good cause having been shown, and being otherwise duly advised in the premises. It is therefore,

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*").

2. The Debtor will pay the Trustee a total sum of $7,500.00 to be paid in ten (10) equal monthly payments of $750.00 to be made on the 10th day of each month starting on August 10, 2017 and ending on May 10, 2018.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 S.W. 1st Avenue, Miami, Fl. 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. Under the terms of the Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadlines expire.

5. Under the terms of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Settlement shall not affect the Estate's right to seek turnover of such assets or to avail itself

of the remedies provided under the Bankruptcy Code.

6. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

7. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

8. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

10. Under the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

11. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

12. If the Debtor fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

13. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the

3

Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth in the Settlement. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated in the Settlement, and the provisions of 11 U.S.C. §727(a)(10), the Debtor has agreed to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

14. The settlement proceeds of $7,500.00 are allocated to household goods and furnishings.

15. The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
Fax 305-263-6335
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

4



Case 17-16421-LMI

American Medical Collection
Dermpath diagnosties
Elmsford, NY 10523-0935

Bapitist Hospital
P.O. Box 198116
Atlanta, GA 30384-8116

Broward Adjustment S
Po Box 11879
Fort Lauderdale, FL 33339-1879

Citibank/Sears
Citicorp Credit Srvs/Centralized Bankrup
Po Box 790040
Saint Louis, MO 63179-0040

Dillards
American Express
P.O. Box 960012
Orlando, FL 32896-0012

Macy's
P.O. BOX 8218
Mason, OH 45040-8218

SYNCB/BRMart
Po Box 965064
Orlando, FL 32896-5064

Synchrony Bank/ JC Penneys
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Urgent Care of Country Walk
POB 162302
Miami, FL 33116-2302

Amanda R Duffy, Esq.
P.O. Box 290335
Tampa, FL 33687-0335

Asset Acceptance, LLC
POB 9065
Brandon, FL 33509-9065

Baptist Health South Florida
POB 830880
Miami, FL 33283-0880

Chase circuit city
P.O. Box 10045
Kennesaw, GA 30156-9245

City Furniture/WFFNB
POB 94498
Las Vegas, NV 89193-4498

JC Penney
P.O. BOX 960090
Orlando, FL 32896-0090

Sears
Goldmaster card
P.O. Box 6936
The Lakes, NV 88901-6936

Target
C/O Financial & Retail Srvs
Mailstopn BT POB 9475
Minneapolis, MN 55440-9475

Walmart/ GE Money  Bank
P.O. BOX 960024
Orlando, FL 32896-0024

American Express
P.O. Box 36002
Fort Lauderdale, FL 33336-0001

Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27420-6012

Best Buy
P.O. BOX 5238
Carol Stream, IL 60197-5238

Citibank / Sears
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
S Louis, MO 63179-0040

Comprehensive Pathology Assoc
POB 198227
Atlanta, GA 30384-8227

Lowes
POB 530914
Atlanta, GA 30353-0914

Rooms to Go
P.O. BOX 8019
Kennedale, TX 76060

Sports Authority
P.O. Box 659704
San Antonio, TX 78265-9704

The Home Depot
Citibank, N.A
P.O. Box 9001010
Louisville, KY 40290-1010

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623-9657

```
Wffnb/city Furniture          World Omni Financial         Reyna Aponte
Po Box 94498                  6150 Omni Park Dr            14615 SW 183rd Terrace
Las Vegas, NV 89193-4498      Mobile, AL 36609-5195        Miami, FL 33177-7699
```




